———FILED ———ENTERED
———LODGED———RECEIVED

SEP ⸉ 2009   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT O. WASHINGTON
DEPUT.

09-CV-01258-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

JACKIE D. LONG,

        Defendant.

NO. CV9 1258 RAJ

COMPLAINT

    The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Harold Malkin, Assistant United States Attorney, acting on behalf of the United States Department of Defense, alleges as follows:

## NATURE OF ACTION

    1. This action is brought against Defendant Jackie D. Long under the provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, and the common law theories of unjust enrichment, payment by mistake, and breach of contract.

## PARTIES

    2. Plaintiff is the United States of America, acting on behalf of TRICARE, a field activity of the Department of Defense.

    3. Defendant Jackie D. Long, doing business as Island Speech Language and Rehabilitation, resides and operates her business at 390 Northeast Midway Boulevard, Suite

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970) 553-7970

1  B-101, Oak Harbor, Washington, 98277.

2  **JURISDICTION AND VENUE**

3  4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1345 and 31 U.S.C.

4  § 3732.

5  5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c) and 31

6  U.S.C. § 3732(a). Defendant resides and transacts business within this district, and all or a

7  substantial part of the acts proscribed by the FCA occurred in this district.

8  **STATUTORY AND REGULATORY PROVISIONS**

9  **The False Claims Act**

10  6. As amended in 1986, the FCA provides that any person who, in reckless disregard or

11  deliberate ignorance of the truth, or with actual knowledge, submits a false or fraudulent claim to

12  the United States for payment or approval, or knowingly makes a false record or statement to get

13  a false or fraudulent claim paid or approved by the United States, is liable for a civil penalty for

14  each claim, plus three times the amount of the damages sustained by the United States because

15  of the false claim. 31 U.S.C. § 3729.

16  **TRICARE**

17  7. TRICARE Management Activity ("TRICARE," formerly referred to as the "Office of

18  Champus"), is a federal health benefits program that provides health benefits to eligible

19  dependents of active duty and retired members of the Uniformed Services.

20  8. The TRICARE program is administered through the Department of Defense.

21  TRICARE uses fiscal intermediaries to process claims for payment from providers of medical

22  services.

23  9. Claims are submitted to the TRICARE intermediary by a provider through the use of

24  an HCFA Form 1500 or the electronic equivalent. The provider is required, as a condition for

25  payment, to represent to TRICARE that the health care service for which the provider seeks

26  payment from TRICARE was actually rendered.

27  10. At all times relevant to this action, the TRICARE intermediaries reviewed and

28  approved the claims at issue here based upon the information presented by the Defendant.

1        **FACTUAL ALLEGATIONS**

2        11.  Defendant was a speech therapist who began working for Jennifer deLutio at Oak

3   Harbor Speech and Language, 231 Southeast Barrington Drive, Suite 202, Oak Harbor,

4   Washington, 98277, in June, 2003.  In July, 2005, Defendant began her own practice, Island

5   Speech Language and Rehabilitation.

6        12.  Defendant submitted, or caused to be submitted, claims for payment to TRICARE,

7   10 U.S.C. §§ 1071-1110, while working for deLutio at Oak Harbor Speech and Language and

8   while working in her own practice at Island Speech Language and Rehabilitation.

9        13.  Defendant, during the period from June, 2004 through October, 2006 knowingly

10  submitted claims for reimbursement to TRICARE for time-based procedures when such

11  procedures should properly have been billed on a "per service" or "per encounter" basis.

12        **COUNT I**

13        14.  This is a claim under the FCA, 31 U.S.C.§ 3729(a)(1), as amended.

14        15.  The United States re-alleges and incorporates by reference paragraphs 1 through 13,

15  as though fully set forth herein.

16        16.  Defendant knowingly presented, or caused to be presented, multiple false or

17  fraudulent claims for payment for speech therapy services to TRICARE in violation of 31 U.S.C.

18  § 3729(a)(1).

19        17.  The United States, as a result of Defendant's conduct set forth in this Count, suffered

20  damages.

21        **COUNT II**

22        18.  This is a claim at common law for unjust enrichment.

23        19.  The United States re-alleges and incorporates by reference paragraphs 1 through 13,

24  as though fully set forth herein.

25        20.  By virtue of the acts described above, Defendant was unjustly enriched at the expense

26  of the United States through the false claims she submitted to TRICARE during the relevant

27  period.

28        21.  Defendant is, therefore, liable to the United States for actual damages, interest and

1   the costs associated with the investigation, prosecution and collection of its damages in this

2   matter.

**COUNT III**

4        22.  This is a claim at common law for payment by mistake.

5        23.  The United States re-alleges and incorporates by reference paragraphs 1 through 13,

6   as though fully set forth herein.

7        24.  By virtue of the acts described above, Defendant caused the United States to make

8   payments by mistake to Defendant for claims submitted to TRICARE during the relevant period.

9        25.  Defendant is, therefore, liable to the United States for actual damages, interest and

10  the costs associated with the investigation, prosecution and collection of its damages in this

11  matter.

**COUNT IV**

13       26.  This action is brought by the United States against Defendant for common law breach

14  of contract.

15       27.  The United States re-alleges and incorporates by reference paragraphs 1 through 13,

16  as though fully set forth herein.

17       28.  Defendant, as a result of the conduct alleged in paragraphs 1 through 13, breached

18  provider agreements with TRICARE and/or its intermediaries.

19       29.  The United States, as a consequence of the acts set forth above, has suffered

20  damages.

21       30.  Defendant is, therefore, liable to the United States for actual damages, interest and

22  the costs associated with the investigation, prosecution and collection of its damages in this

23  matter.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970) 553-7970

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

1. As to Count I, the maximum civil penalties and damages provided by the FCA, 31 U.S.C. § 3729;

2. As to Counts II, III and IV, for actual damages incurred by the United States, interest and the costs associated with the investigation, prosecution and collection of its damages in this matter; and

3. For such other relief as the Court deems just and equitable.

DATED this 4th day of September, 2009.

JEFFREY C. SULLIVAN
UNITED STATES ATTORNEY


HAROLD MALKIN, WSBA 30986
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:   206-553-4073
E-mail: harold.malkin@usdoj.gov